ASH GROVE CEMENT COMPANY, APPELLANT, v. CASS COUNTY BOARD OF EQUALIZATION, APPELLEE.

607 N.W. 2d 810

Filed March 10, 2000.   Nos. S-99-287 through S-99-294.

Ronald L. Comes, of McGrath, North, Mullin & Kratz, P.C., for appellant.

Charles E. Dorwart, of James R. Brown, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ., and INBODY, Judge.

MILLER-LERMAN, J.

## NATURE OF CASE

Ash Grove Cement Company (Ash Grove) appeals the orders of the Nebraska Tax Equalization and Review Commission (Commission), which affirmed the decisions of the Cass County Board of Equalization (Board) regarding the valuation of certain real property in Cass County owned by Ash Grove and dismissed Ash Grove's appeals. These cases were consolidated for hearing before the Commission and have been consolidated on appeal before this court. For the reason recited below, we affirm the orders of the Commission in cases Nos. S-99-288, S-99-290, S-99-292, and S-99-294, and we reverse the Commission's orders in cases Nos. S-99-287, S-99-289, S-99-291, and S-99-293.

## STATEMENT OF FACTS

In connection with its 1998 real property tax assessment, Cass County hired an outside appraiser, Patrick Schulte, to appraise the mineral interests of certain real property in Cass County. Veda Copenhaver, the Cass County assessor, gave

Schulte a list of approximately 85 parcels of land on which he was to appraise the mineral interests, together with copies of the assessment records for each of the parcels. All of the properties identified by the assessor, including those of Ash Grove, were either owned by or under lease to mining companies. During the appraisal process, Schulte identified certain additional properties on which he appraised the value of the mineral interests. These properties, like those identified by the assessor, were either owned by or under lease to mining companies.

Upon completion of the appraisal process, Schulte prepared a "Project Data Book" (report), containing, inter alia, his estimates of the market value as of January 1, 1998, of the mineral reserves on the subject properties. In the report, Schulte reported that in order to complete the appraisal assignment, he "interviewed each of the owners of mining operations in Cass County and owners of farmlands under lease to mineral companies." Schulte's cover letter to Copenhaver, transmitting the report, indicated that he had completed the "appraisal for assessment of all the mineral interest values for the assigned properties in Cass County, Nebraska."

Following receipt of Schulte's report, Cass County mailed out its 1998 real property tax assessments. For those properties appraised by Schulte as having a mineral interest value, Cass County sent out two separate tax billing statements. As to each taxed parcel at issue, the statements each bore a legal description of the real property and an identification number. The first statement bore an identification number corresponding to the surface component of the parcel and assessed the value of this component. The second statement bore a second identification number which corresponded to the mineral interest component of the parcel and assessed the value of the mineral interest component. Thus, the assessed value for each parcel at issue was a total of the two assessments assigned to each of the tax parcels.

Ash Grove owns four parcels of real property in Cass County which were assessed values on both their mineral and surface components. These properties, together with their parcel identification numbers, valuations, and appellate case numbers, are summarized as follows:

| Appeal Number | Parcel | Tax Number/Surface Valuation or Mineral Valuation |
|---|---|---|
| S-99-287 | 3253-13-0-00000-000-0030 | 130302074/$175,500 - mineral |
| S-99-288 | 3253-13-0-00000-000-0030 | 130128120/$468,236 - surface |
| S-99-289 | 3255-18-0-00000-000-0033 | 130302082/$312,000 - mineral |
| S-99-290 | 3255-18-0-00000-000-0033 | 130140686/$534,416 - surface |
| S-99-291 | 3477-03-0-00000-000-0030 | 130302899/$307,000 - mineral |
| S-99-292 | 3477-03-0-00000-000-0030 | 130118990/$257,476 - surface |
| S-99-293 | 3271-34-0-00000-000-0006 | 130380695/$32,000  - mineral |
| S-99-294 | 3271-34-0-00000-000-0006 | 130127116/$507,832 - surface |

We recognize that our table, as prepared above, differs from the table set forth by Ash Grove in its brief, but we believe it comports with and accurately reflects the record.

Ash Grove timely filed a protest as to each valuation. Because of the two separate billings sent for each of the four properties, Ash Grove filed two separate protests for each property, resulting in eight actions. Ash Grove did not dispute the valuation of the surface component standing alone, but did challenge the mineral interest valuation and the mineral interest valuation when combined with the surface valuation for each parcel. Ash Grove's eight protests were consolidated and came on for hearing before the Board, which adopted the assessor's valuation on July 21, 1998.

Thereafter, Ash Grove appealed the Board's decision to the Commission. The appeal was heard on February 18, 1999. During its hearing on Ash Grove's appeals, the Commission received into evidence the depositions of Schulte and the assessor, Copenhaver. In Schulte's deposition, he admitted that there were properties in Cass County containing mineral interests that were not included in his appraisal report. Furthermore, Schulte indicated that his appraisal report excluded properties neighboring the appraised properties, if those neighboring properties were not owned or leased by mining companies. Schulte admitted that it was likely the mineral reserves under the appraised properties did not stop at the property lines but continued into adjacent lands, the latter of which were not appraised for mineral interests.

In Copenhaver's deposition, she confirmed that Cass County had assessed the mineral interests only of properties owned or under lease to mining companies. Copenhaver justified this dis-

parate treatment on the basis that there had been no indication in the sale prices of properties not owned or under lease to mining companies that such other properties had a greater value than that assessed. Copenhaver admitted, however, that mineral interests do not stop at fence lines or county roads and that it was possible that properties adjacent to properties whose mineral rights had been assessed also contained minerals. Copenhaver further conceded that there were parcels in Cass County with mineral interests other than those lands owned or under lease to mining companies.

Raymond Burchett, a research geologist and professor at the University of Nebraska-Lincoln, also testified before the Commission. Through his work with the Nebraska Geological Survey, Burchett was familiar with mineral reserves and their locations in Cass County, as well as throughout the state. In his testimony, Burchett identified a parcel of property possessing a mineral reserve that was not owned by or under lease to a mining company and, accordingly, had been excluded from the assessor's 1998 separate property tax assessment on mineral interests.

On March 18, 1999, the Commission dismissed Ash Grove's appeals of the Board's decisions, and adopted the assessor's valuations. In its decisions, the Commission ruled that Ash Grove had failed to present evidence establishing that the Board's decision was unreasonable or arbitrary.

Ash Grove appeals the Commission's decisions. As it did in the proceedings below, on appeal to this court, Ash Grove does not challenge the values assessed by the assessor on the surface components of the real property at issue, but does challenge the mineral interest and combined valuation for each parcel.

## ASSIGNMENTS OF ERROR

On appeal, Ash Grove has assigned six errors. For purposes of these appeals, we need address only one error, as it is dispositive. Ash Grove claims, restated, that Cass County violated the Nebraska Constitution's uniformity clause, art. VIII, § 1, by its selective imposition of an increased value and assessment of its property containing mineral interests based solely on the ownership or control of the property.

## STANDARDS OF REVIEW

Appellate review of decisions by the Commission is limited to error on the record. Neb. Rev. Stat. § 77-5019 (Supp. 1999). When reviewing an order for errors appearing on the record, the appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Constructors, Inc. v. Cass Cty. Bd. of Equal., ante* p. 866, 606 N.W.2d 786 (2000); *Harrison Square v. Sarpy Cty. Bd. of Equal.*, 6 Neb. App. 454, 574 N.W.2d 180 (1998). Questions of law, however, are reviewed de novo on the record. *Constructors, Inc., supra.*

## ANALYSIS

Ash Grove claims that the Cass County 1998 real property tax mineral assessment violated Ash Grove's rights under the Nebraska Constitution's uniformity clause, which provides that "[t]axes shall be levied by valuation uniformly and proportionately upon all real property and franchises as defined by the Legislature except as otherwise provided in or permitted by this Constitution . . . ." Neb. Const. art. VIII, § 1. We agree with Ash Grove that by virtue of its separate assessment of the mineral component based on ownership or control, Cass County's treatment of Ash Grove's real property at issue for tax year 1998 violated this constitutional provision.

We recently addressed the uniformity issue presented in these cases in *Constructors, Inc., supra.* We adopt the reasoning and holding of *Constructors, Inc.* in the instant cases. In *Constructors, Inc.*, we held that "the classification scheme created in which only those minerals contained in lands owned by the appellants were given value for tax purposes, whereas other mineral interests were ignored, violates the uniformity provisions of article VIII, § 1, of the Nebraska Constitution." *Ante* at 875, 606 N.W.2d at 793.

For the reasons set forth fully in *Constructors, Inc., supra*, we conclude that Ash Grove's assignment of error, as restated above, has merit. Accordingly, we reverse the decisions of the Commission with respect to the valuation of Ash Grove's mineral interests. Because Ash Grove has not challenged the Commission's decisions with regard to the surface component

assessed values, we affirm the Commission's decisions with respect to those valuations.

This court has thoroughly reviewed each of the records in these cases as prepared and transmitted, and we have noted some confusion with respect to which files control the various mineral and surface interests. Based upon our review of these records, we determine cases Nos. S-99-287, S-99-289, S-99-291, and S-99-293 to be the appeals from the Commission's decisions concerning the valuation of Ash Grove's mineral interests, and cases Nos. S-99-288, S-99-290, S-99-292, and S-99-294 to be the appeals from the Commission's decisions concerning Ash Grove's surface valuations. Accordingly, we reverse the Commission's decisions in cases Nos. S-99-287, S-99-289, S-99-291, and S-99-293. The tax assessments on the mineral interests in these cases are therefore void. We affirm the Commission's decisions in cases Nos. S-99-288, S-99-290, S-99-292, and S-99-294.

JUDGMENTS IN NOS. S-99-287, S-99-289, S-99-291, AND S-99-293 REVERSED.
JUDGMENTS IN NOS. S-99-288, S-99-290, S-99-292, AND S-99-294 AFFIRMED.

STEPHAN, J., not participating.